**COOPERATIEVE CENTRALE RAIFFEISEN–BOERENLEENBANK B.A., Plaintiff,**

**v.**

**William H. BAILEY, Defendant.**

**No. CV 88–5096 WJR.**

United States District Court, C.D. California.

April 20, 1989.

Richard B. Kendall, Shearman & Sterling, Los Angeles, Cal., for plaintiff.

Stephen L. Thomas, Thomas & Elliott, Los Angeles, Cal., for defendant.

ORDER ON MOTIONS FOR PARTIAL SUMMARY ADJUDICATION AND SUMMARY JUDGMENT; FINDINGS OF FACT AND CONCLUSIONS OF LAW THEREON

REA, District Judge.

This matter comes before the Court on the motion of both parties to this action for partial summary adjudication and on plaintiff's motion for summary judgment. Having considered the papers filed in support thereof and in opposition thereto and having heard oral argument, the Court hereby finds as follows:

## FACTS

This is an action for collection on a promissory note brought by plaintiff, Cooperatieve Centrale Raiffeisen–Boerenleenbank, B.A. ("the Bank"), against the maker of the note, William Bailey, M.D. ("Bailey"). Bailey executed the note in December, 1982, in favor of "California Dreamstreet," a joint venture which solicited investments in a cattle-breeding operation. California Dreamstreet negotiated the note in 1986 to the Bank, which in turn filed this action on August 29, 1988.

The note states in relevant part:

DR. WILLIAM H. BAILEY ... hereby promises to pay to the order to CALIFORNIA DREAMSTREET ... the sum of Three Hundred Twenty Nine Thousand Eight Hundred ($329,800.00) Dollars....

Bailey has asserted several defenses to collection on the note arising from alleged misconduct by California Dreamstreet. The Bank claims, however, that it is a holder in due course and therefore not subject to Bailey's claims against the original payee. California Commercial Code ("Code") Sec. 3305.

By this motion for partial summary adjudication, the parties seek to determine, as a threshold matter, whether the subject promissory note is a negotiable instrument. In a laudable display of cooperation, the parties have filed a "joint motion" containing a stipulated statement of facts together with each party's legal arguments. They agree that the sole issue is whether the unusual language in the note obliging Bailey to "pay to the order *to* California Dreamstreet" (emphasis added) renders the note non-negotiable.

## DISCUSSION

Whether an instrument is negotiable is a question of law to be determined solely from the face of the instrument, without reference to the intent of the parties. *See* Official UCC Comment 5 to Code Sec. 3119(2). To be negotiable, an instrument must "be payable to order or bearer." Code Sec. 3104(1)(d). "Payable to order" is further defined by Code Sec. 3110(1), as follows:

(1) An instrument is payable to order when by its terms it is payable to the order or assigns of any person therein specified with reasonable certainty, or to him or his order, or when it is conspicuously designated on its face as "exchange" or the like and names a payee.

It is well established that a promissory note is non-negotiable if it states only: "payable to [payee]," rather than "payable to the order of [payee]." *Banco Mercantil*

*S.A. v. Sauls, Inc.,* 140 Cal.App.2d 316, 295 P.2d 55 (1956); *see also* 4 Hawkland & Lawrence, Uniform Commercial Code Series, Sec. 3–110:02 at 124–25. Bailey claims that the instant note, which states "pay to the order to [payee]," falls between these two alternatives and should therefore be deemed non-negotiable.

The authorities are unhelpful. There is apparently no case on record in which a variance this small from the language of the Code has been called into question. Both parties direct the Court's attention to Official UCC Comment 5 to Code Sec. 3104, which states:

> 5. This Article omits the original Section 10, which provided that the instrument need not follow the language of the act if it 'clearly indicates an intention to conform' to it. The provision has served no useful purpose, and it has been an encouragement to bad drafting and to liberality in holding questionable paper to be negotiable. The omission is not intended to mean that the instrument must follow the language of this section, or that one term may not be recognized as clearly the equivalent of another, as in the case of "I undertake" instead of "I promise," or "Pay to holder" instead of "Pay to bearer." It does mean that either the language of the section or a clear equivalent must be found, and that in doubtful cases the decision should be against negotiability.

In the Court's opinion, the Comment fails to persuasively support either party's position. Rules of grammar belie the Bank's argument that the preposition "to" is an apt substitute for "of" since the resulting sentence, read literally, is not just ambiguous but incomplete. On the other hand, the Comment expressly disavows Bailey's argument that the Code drafters intended to set forth certain "magic words," the absence of which precludes negotiability.

■ What does emerge from the Comment is the need for certainty in determining negotiability. Though sensitive to this goal and to the potentially harsh result of such a finding, the Court does not find the instant facts to present the kind of "doubtful" case which should be resolved against negotiability. In this context, the phrase "pay to the order to" can plausibly be construed only to mean "pay to the order of." While other explanations are possible, none are realistic. To hold otherwise would, in this Court's opinion, set an overly technical standard that could unexpectedly frustrate legitimate expectations of negotiability in commercial transactions.

In anticipation of this holding, the Bank has also moved for summary judgment on the grounds it is a holder in due course and therefore not subject to any of the personal defenses asserted by Bailey. Code Sec. 3305. Under Code Sec. 3302, one is a holder in due course who takes a negotiable instrument for value, in good faith and without notice that it is overdue or dishonored or of any defenses to its enforcement. Discovery in this action is not yet complete, however, and Bailey has demonstrated that he is entitled to investigate these issues further. *See* Fed.R.Civ.P.Rule 56(f).

For all the above reasons, IT IS HEREBY ADJUDGED that the promissory note which is the subject of this action is a negotiable instrument. It is further ORDERED that plaintiff's motion for summary judgment is denied without prejudice to its being renewed upon the completion of discovery.