STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  Docket No. CV-06-243
                                                  /L `\l - KEN - `//.

MAVOURNEEN M. TORNESELLO
and MICHAEL P. TORNESELLO,

          Plaintiffs

v.                                                JUDGMENT

DEBRA A. TISDALE, Individually
and as Personal Representative of the
ESTATE of ROBERT A. TISDALE, JR.,

          Defendants


          Jury-waived trial on the plaintiffs' complaint and the defendant's

counterclaim was held on 3/25/09.  The plaintiffs and the defendant Debra

Tisdale, individually, allege that they have not received full payment due to

them on the respective notes.  Joint exhibits 1-19 and 24-28 were admitted.  The

parties also stipulated to paragraphs 1-23 and 26-27 of the Stipulation of Facts.

FACTS

          In 1987, the plaintiffs[1] lived in Natick, Massachusetts,[2] and at all relevant

times the plaintiffs lived in Massachusetts.  (Stip. ¶ 19.) Plaintiff Mavourneen

Tornesello's younger brother, Robert Tisdale, lived in Florida but commuted to

Maine to operate his property management business, Dirigo.

          The plaintiffs had previously sold their Newton home and used the

proceeds to purchase the Natick home, which was unencumbered.  Robert

Tisdale asked the plaintiffs to obtain a mortgage on the Natick home and give

---

[1] They divorced in 1999.
[2] The plaintiffs filed this complaint and claimed entitlement to the outstanding principal and
interest on the 3/27/87 Note.  Debra Tisdale subsequently filed a counterclaim and sought
recovery on the 6/10/87 Note.

him the money, which he intended to invest. The plaintiffs were reluctant because they considered the equity in their home to be their retirement funds. Mavourneen had no other retirement funds.

Robert Tisdale prepared and sent several written proposals regarding the money to the plaintiffs. (Jt. Exs. 2A, 2B.) Negotiations took place by phone and mail while the parties were in Florida, Maine, and Massachusetts, and in person while the parties were in Massachusetts. Eventually, the plaintiffs borrowed $171,500.00 from BankEast Mortgage Corporation (BankEast), secured by a mortgage on their home. Robert Tisdale appeared with the plaintiffs at the closing. The plaintiffs signed the 25-year adjustable rate promissory note on 3/17/87 (hereinafter "3/27/87 Note"). (Jt. Ex. 3.)

The entire $171,500.00 borrowed was loaned to Robert and Debra Tisdale on 3/27/87. Debra Tisdale agreed that Robert Tisdale was acting as her agent and she knew about the transaction. Robert Tisdale prepared the 3/27/87 Note, which the parties signed. (Jt. Ex. 6.) All relevant negotiations leading to the signing of the 3/27/87 Note took place in Massachusetts. (Stip. ¶ 21.) The 3/27/87 Note was signed in Massachusetts, except that Debra Tisdale did not sign in Massachusetts, and her signature was not notarized in Massachusetts.[3] (Stip. ¶ 22.)

Robert Tisdale had previously obtained the life insurance identified in the 3/27/87 Note.[4] (Jt. Exs. 4A, 4B, 4D, 4E, 4F.) He assigned the policy to the plaintiffs and informed them that they would receive notice from the insurer if

---

[3] Debra Tisdale signed in Florida.
[4] The 3/27/87 Note provided that, during the term of the note, Robert Tisdale would "maintain $100,000 of life insurance assigned to Michael P. & Mavourneen M. Tornesello." (Stip. ¶ 6.)

2

the policy was at risk of lapsing. (Stip. ¶ 15.) This policy lapsed for nonpayment in 1994. The plaintiffs were not notified of the lapse. (Stip. ¶¶ 17, 18.)

The initial monthly payments to BankEast were $1,366.55; this figure would be adjusted annually. Robert and Debra Tisdale were to pay the monthly payments, with any adjustments, plus an additional amount of interest to repay the plaintiffs for securing the funds. The interest rate of 11.97% was determined by Robert Tisdale.

During the discussions, Robert Tisdale believed that the debt to BankEast would be paid earlier than required by the note. If the bank note was paid early, the plaintiffs would continue to receive payments at a rate tied to the index. (Jt. Ex. 3.) The plaintiffs and Robert Tisdale also discussed and agreed to a balloon payment at the end of 25 years.

Mavourneen Tornesello sent the bank coupons to Debra Tisdale, who paid the monthly payments to the bank. When the interest rate for the mortgage was adjusted, Mavourneen Tornesello sent the notices to Robert and Debra Tisdale. (Jt. Exs. 10A, 10B.)

On 6/10/87, Robert Tisdale loaned $20,000.00 to Yorkshire Consulting Group, Inc. (Yorkshire), and memorialized this loan in a promissory note dated 6/10/87 (hereinafter "6/10/87 Note"). Plaintiff Michael Tornesello guaranteed payment. (Jt. Ex. 7.) Yorkshire was always domiciled in Massachusetts. (Stip. ¶ 20.) All relevant negotiations leading to the signing of the 6/10/87 Note took place in Massachusetts. (Stip. ¶ 21.) The 6/10/87 Note was signed in Massachusetts. (Stip. ¶ 22.) This debt has not been paid. Yorkshire is now insolvent. The Estate's counterclaim was filed on 4/23/07.

When Robert and Debra Tisdale ceased making payments to BankEast in late 1989 or 1990, the plaintiffs were notified by Robert Tisdale and the bank. Robert Tisdale told the plaintiffs he was in financial difficulties and could not afford to make the payments. The plaintiffs agreed that Mavourneen Tornesello would act as the spokesperson and go-between among Robert Tisdale and the plaintiffs because he was family. Mavourneen Tornesello asked her husband to be patient because the situation had to be treated differently because of the family connection. She loved her brother and they were very close. Mavourneen Tornesello spoke to her brother at least one time each year. He continued, over those years, to assure Mavourneen Tornesello that the plaintiffs would receive the money and that the insurance policy was still in place. (See, e.g., Jt. Ex. 13A.) She relied on Robert Tisdale's statements; she had no reason to disbelieve him. The Tisdales never paid any additional amounts on the debt to the bank or the plaintiffs.

Robert Tisdale died on 7/2/05. (Jt. Ex. 24 at 81). Mavourneen Tornesello called Debra Tisdale to inquire about the insurance policy. Both women agreed that they hoped the policy was in place. Mavourneen Tornesello subsequently learned that there was no life insurance to secure the debt. Debra Tisdale stated that she knew nothing about it and referred Mavourneen Tornesello to Attorney Mitchell. She called Attorney Mitchell's office after speaking to Debra Tisdale and faxed the requested documents. (Jt. Ex. 14A, 14B.) When Mavourneen Tornesello did not hear anything from Attorney Mitchell, she called Debra Tisdale, who stated that there was no money available. The Probate inventory shows that some debt was paid by life insurance. (Jt. Ex. 18.)

4

If Robert Tisdale had told Mavourneen Tornesello that he did not intend to pay the debt or that the insurance had lapsed, she would have spoken to an attorney earlier than she did and would have filed a lawsuit; Michael Tornesello wanted to litigate the issue much earlier than his wife. The plaintiffs' complaint was filed on 10/6/06.

DISCUSSION

I.      3/27/87 Note

        a.  Statute of Limitations

Defendant Debra Tisdale argues that Maine's six-year statute of limitations bars the plaintiffs' claim. Defendant Tisdale contends that three issues critical to this determination were clarified in Tornesello v. Tisdale, 2008 ME 84, 948 A.2d 124, where the Law Court affirmed an order of the Superior Court (*Studstrup, J.*) denying Debra Tisdale's motion for judgment on the pleadings in this case. Although the Law Court found Debra Tisdale's interlocutory appeal premature, the Law Court recognized that "[i]n Maine, non-negotiable notes remain subject to the general six-year [statute of limitations]," whereas in Massachusetts, "a non-negotiable note qualifies for the twenty-year limit." Tisdale, 2008 ME 84, ¶ 10, 948 A.2d at 1249. The Law Court also noted that the "Tornesellos do not dispute that the [3/27/87] note is non-negotiable," but "counter that because Massachusetts has the most significant relationship to the parties and the transactions involving the note, Massachusetts's twenty-year statute of limitations should control." Id. ¶ 11, 948 A.2d at 1249. Finally, because neither exception to traditional choice of law rules applied, the Law Court determined that "Maine will apply its statute of limitations to this suit." Id. ¶ 16, 948 A.2d at 1250. Defendant Tisdale argues that a fair reading of Tisdale compels

only one reasonable conclusion: Maine's six-year statute of limitations applies to the 3/27/87 Note.

The plaintiffs counter that the 3/27/87 Note should be governed by Maine's twenty-year statute of limitations, 14 M.R.S. § 751,[5] because it is a "promissory note[] signed in the presence of an attesting witness." Although the plaintiffs concede that, pursuant to Maine law, a "promissory note" must be a negotiable instrument, the plaintiffs argue that what constitutes a "promissory note" is a question of substantive law, and is governed by the law of the state with the most significant relationship to the 3/27/87 Note: Massachusetts. Accordingly, the plaintiffs maintain that because, under the law of Massachusetts, a note does not have to be negotiable to qualify as a "promissory note," the 3/27/87 Note is a "promissory note" within the meaning of 14 M.R.S. § 751, and subject to Maine's twenty-year statute of limitations.

Essentially, the plaintiffs argue that where the applicable statute of limitations itself depends upon substantive law, in this case what constitutes a "promissory note," analysis of the statute of limitations issue requires consideration of both the law of the forum state and another state's substantive law. The court does not agree. See Alropa Corp. v. Britton, 135 Me. 41, 44, 188 A. 722 (1936) (stating that "[s]tatutes of limitation, which do not extinguish the right itself, operate merely on the remedy and, in the absence of statute to the contrary, <u>all questions arising thereunder must be determined by the law of the</u>

---

[5] Section 751 provides:

> Except as provided in Title 11, section 2-725, personal actions on contracts or liabilities under seal, promissory notes signed in the presence of an attesting witness, or on the bills, notes or other evidences of debt issued by a bank shall be commenced within 20 years after the cause of action accrues.

forum and not by the law of the situs of the contract") (emphasis added); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 142 cmt. a ("The law selected by application of the rule of this Section determines whether a claim is barred by the statute of limitations. That law also determines all matters involving the application of the statute of limitations.") (emphasis added). Accordingly, because, under Maine law, the non-negotiable 3/27/87 Note does not qualify as a "promissory note," Maine's six-year statute of limitations applies.

### b. Estoppel

The plaintiffs argue that, notwithstanding the applicability of Maine's six-year statute of limitations, Debra Tisdale should be estopped from asserting the statute of limitations as a defense to the plaintiffs' claim to enforce the 3/27/87 Note. See Dasha v. Maine Med. Ctr., 665 A.2d 993, 995 (Me. 1995) ("estoppel may be used to prevent the affirmative defense of the statute of limitations if the elements of estoppel are present").

In explaining estoppel, the Law Court has stated:

> The gist of an estoppel barring the defendant from invoking the defense of the statute of limitations is that the defendant has conducted himself in a manner which actually induces the plaintiff not to take timely legal action on a claim. The plaintiff thus relies to his detriment on the conduct of the defendant by failing to seek legal redress while the doors to the courthouse remain open to him. Only upon a demonstration that the plaintiff had in fact intended to seek legal redress on his claim during the prescriptive period can his failure to file suit be specifically attributed to the defendant's conduct.

Nuccio v. Nuccio, 673 A.2d 1331, 1334 (Me. 1996) (quoting Townsend v. Appel, 446 A.2d 1132, 1134 (Me. 1982)); see also Shackford & Gooch, Inc. v. Town of Kennebunk, 486 A.2d 102, 105-06 (Me. 1984) ("Proper application of the doctrine of equitable estoppel rests on the factual determination that 'the declarations or

acts relied upon must have induced the party seeking to enforce the estoppel to do what resulted to his detriment, and what he would not otherwise have done.'"). "[E]quitable estoppel is a doctrine that should be carefully and sparingly applied," and requires "clear and satisfactory proof." Nuccio, 673 A.2d 1334.[6]

The facts of this case support the conclusion that Debra Tisdale[7] should be estopped from asserting the statute of limitations defense. The fact that Mavourneen Tornesello trusted and relied on her brother is shown perhaps most compellingly by the fact that the plaintiffs loaned Robert Tisdale a significant amount of their retirement funds. Throughout her dealings with her brother, he continually assured her that the plaintiffs would be paid and, perhaps most importantly, that the insurance policy was still in place. But for Robert Tisdale's assurances, reasonably relied upon by Mavourneen, she would have filed suit during the permitted period. Debra Tisdale is thus estopped from asserting the statute of limitations defense.

---

[6] Although Maine law is applicable, the standard for proving estoppel in Massachusetts is similar:

> It has long been the rule that to meet this burden, a plaintiff must show that the "statements of the defendant lulled the plaintiff into the false belief that it was not necessary . . . to commence action within the statutory period of limitations . . ., that the plaintiff was induced by these statements to refrain from bringing suit, as otherwise [the plaintiff] would have done, and was thereby harmed, and that the defendant 'knew or had reasonable cause to know that such consequence might follow.'"

Pagliarini v. Iannaco, 800 N.E.2d 696, 698 (Mass. 2003) (quoting Ford v. Rogovin, 194 N.E. 719, 720 (Mass. 1935)). Applying Massachusetts' requirement that the defendant "knew or had reasonable cause to know that such consequence might follow," may be a distinct and additional element not required under Maine law.

[7] Debra Tisdale is bound by the representations made by her husband, who, she agreed, was acting as her agent. See, e.g., Crowley v. Dubuc, 430 A.2d 549, 552 (Me. 1981) (principal is liable for misrepresentations made by her agent within the scope of the agent's authority).

## c. Demand Note or Installment Note

As Debra Tisdale is estopped from asserting the statute of limitations defense to the plaintiffs' claim, the issue of whether the 3/27/87 Note is a demand note or an installment note has decreased in significance.[8]

"[I]n the construction of a note the intention of the parties is to control if it can be legally ascertained by a study of the entire contents of the instrument with no part excluded from consideration, and anything written or printed on the note prior to its issuance relating to its subject matter must be regarded as a part of the contract and given due weight in its construction." Barron v. Boynton, 137 Me. 69, 71, 15 A.2d 191, 192 (1940). Where there is ambiguity, although extrinsic evidence is not admissible to vary the contract's terms, such evidence is admissible to ascertain the intent of the parties. Hills v. Gardiner Sav. Inst., 309 A.2d 877, 881 (Me. 1973). Ambiguous language should be construed more strongly against the party who drafted the contract. Id.

The 3/27/87 Note does not designate a time for payment or indicate that it is payable on demand. See 11 AM. JUR. 2D Bills and Notes § 105 ("A promise or order is payable on demand if (1) it states that it is payable on demand or at sight, (2) it otherwise indicates that it is payable at the will of the holder, or (3) no time is stated for payment."); see also Lakhaney v. Anzelone, 788 F. Supp. 160, 163 (S.D.N.Y. 1991) (applying New York law and explaining that where a note "does not designate a time of payment or indicate that it is payable on demand"

---

[8] If the statute of limitations had been a valid defense, and if the 3/27/87 Note is a demand note, the statute of limitations would begin to run on the date the note was executed, and the plaintiffs' claims would be untimely. See Barron v. Boynton, 137 Me. 69, 71, 15 A.2d 191, 192 (1940). Conversely, if the note is an installment note, the cause of action arises only when the accrued installments on the note are due. Id.; Hills v. Gardiner Sav. Inst., 309 A.2d 877, 882-83 (Me. 1973). Therefore, claims based on installments that became due in the six years prior to the plaintiffs initiating their suit would be timely.

9

it "is presumed to be payable on demand unless there is some indication that a date of payment was intended and mistakenly omitted"). The lack of a stated time for payment, however, is not dispositive. See, e.g., Boynton, 137 Me. at 71, 15 A.2d at 192 (finding note without stated time for repayment to be an installment note). The note does call for "monthly payments of $1,366.55." See id. (finding express contractual terms stating "[m]onthly payments [were] to be Fifty dollars each month," partly supported conclusion that note was an installment note "calling for monthly payments . . . until the full amount of the debt is satisfied"). The language of the note is ambiguous, and a review of relevant extrinsic evidence is necessary to determine the intent of the parties. See Hills, 309 A.2d at 881 ("extrinsic evidence is allowable to explain ambiguities which cloud the intent and expectations of the parties").

An examination of the evidence revealed at trial demonstrates that the intent of the parties was for an installment note. First, given the large sum of money, $170,500, it was likely intended that the Tisdales "were to have time in which to liquidate their obligation and not be compelled to pay the entire debt on demand." Boynton, 137 Me. at 72, 15 A.2d at 193. Further, partial collateral security, in the form of life insurance, was furnished. See id. The note calls for "equal monthly payments," and the provision for repayment "prior to maturity,"[9] the adjustments to the "interest rate and resultant monthly payments" based upon the Adjustable Rate Note with BankEast, and the parties' agreement to a balloon payment at the end of 25 years,[10] all support the

_____

[9] See, e.g., Reese v. First Missouri Bank & Trust Co., 664 S.W.2d 530, 536 (Mo. Ct. App. 1983) ("language of maturity . . . is inconsistent with a demand note").
[10] These findings also undercut the defendants' primary argument that the 3/27/87 Note is a demand note. The defendants argue that an installment note could never be fully paid because

interpretation that this was an installment note. The court concludes as such, and finds the 3/27/87 Note is an installment note. Plaintiffs are, however, only entitled to damages for partial breach for non-payment of the unpaid installments currently due. Damages for future installments not yet due are unavailable. See RESTATEMENT (SECOND) OF CONTRACTS § 243(3) ("Where at the time of the breach the only remaining duties of performance are those of the party in breach and are for the payment of money in installments not related to one another, his breach by non-performance as to less than the whole, whether or not accompanied or followed by a repudiation, does not give rise to a claim for damages for total breach.").

### d. Fraudulent Concealment—14 M.R.S. § 859[11]

Although the plaintiffs indicate that they "continue to believe that the Tisdales' repeated misrepresentations . . . were fraudulent and justify a tolling of the statute of limitations pursuant to 14 M.R.S.A. § 859," they acknowledge that the "matter can be more readily resolved by application of estoppel." (Pl.'s Opp'n Br. at 9 n. 2.) Because the plaintiffs have failed to show the applicability of this provision to the facts of this case, the plaintiffs' claim is not saved pursuant to 14 M.R.S. § 859.

---

the monthly payment scheme was less than the monthly accruing interest on the principal amount. The defendants then reason that the only logical conclusion is that the 3/27/87 Note is a demand note. Because of the balloon payment after 25 years, and the adjustable interest rate and monthly payments tied to the BankEast note, the court finds the defendants' argument unpersuasive.

[11] Section 859 provides:

> If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in section 3580.

II.    6/10/87 Note

    a.  Statute of Limitations

The plaintiffs argue that Maine's six-year statute of limitations, 14 M.R.S. § 752, rather than the twenty-year statute of limitations, applies to the 6/10/87 Note.[12] Recognizing that the key issue in this determination is whether the 6/10/87 Note is negotiable, the plaintiffs argue that, under Maine law, the note is not negotiable. Although Debra Tisdale maintains that the issue of negotiability should be determined pursuant to Massachusetts law, Maine law governs the analysis of the 6/10/87 Note's negotiability for purposes of Maine's statute of limitations, as discussed above regarding the 3/27/87 Note. See RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 142 cmt. a.

In determining whether the 6/10/87 Note is negotiable, the version of Maine's Uniform Commercial Code (UCC) that applied when the note was executed provides that, in order to be negotiable, a writing must:

    (a) Be signed by the maker or drawer; and
    (b) Contain an unconditional promise or order to pay a sum certain in money and no other promise, order obligation or power given by the maker or drawer except as authorized by this Article; and
    (c) Be payable on demand or at a definite time; and
    (d) Be payable to order or to bearer.

11 M.R.S.A. § 3-104(1) (1963).

The plaintiffs argue that nowhere in the 6/10/87 Note does the language payable "to order" or "to bearer," as required by 11 M.R.S.A. § 3-104(1), appear. The note provides, in relevant part, "On Demand, Yorkshire Consulting Group Inc. promises to pay Robert A. Tisdale, Jr. and Debra A. Tisdale on order at 1154 West Way Drive, Sarasota, Florida 33577 the sum of Twenty Thousand and

_____

[12] Debra Tisdale counters that Maine's twenty-year statute of limitations, 14 M.R.S. § 751, applies.

no/100 Dollars with interest . . . ." (Jt. Ex. 7) (emphasis added). The plaintiffs submit that "on order" is not, and should not be interpreted as, synonymous with "to order." Instead, the plaintiffs refer to the U.S. Bankruptcy Code for the meaning of the phrase "on order," which is equivalent to "on demand." See 11 U.S.C. § 542(b) ("an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee . . . ."); see also In re Kids World of Am., Inc., 349 B.R. 152, 163 (Bnkr. W.D. Ky. 2006).

Debra Tisdale responds that interpreting "on order" to be synonymous with "on demand" would run counter to the general rule of avoiding interpreting language as surplusage. She also argues that such a reading is overly technical. See, e.g., Cooperatieve Centrale Raiffeisen-Boerenleenbank v. Bailey, 710 F. Supp. 737, 739 (C.D. Cal. 1989) (rejecting "an overly technical standard" under California's Uniform Commercial Code § 3104 and disavowing the need for the use of "magic words," holding that the words "pay to the order to" rather than "pay to the order of" did not render a note non-negotiable); Lakhaney v. Anzelone, 788 F. Supp. 160, 163 (S.D.N.Y. 1991) ("The note's designation that it is payable to 'Nari Lakhaney or order' is sufficient to meet the requirement that it be payable to order.").

The court agrees with Debra Tisdale and concludes that the note is negotiable. Accordingly, Maine's twenty-year statute of limitations, 14 M.R.S. § 751, applies, and Debra Tisdale's claim is timely. Michael Tornesello, as a guarantor, is liable on the note regardless of whether demand was made on Yorkshire. See D'Annolfo v. D'Annolfo Constr. Co., 654 N.E.2d 82, 84-85 (Mass. App. Ct. 1995).

13

III.  Attorney's Fees and Damages

    a.  3/27/87 Note

The court cannot determine on this record the amount due on the 3/27/87 Note.[13] (Jt. Ex. 6.) The parties did not stipulate to an amount due. (Proposed Stip. ¶ 24; Defs.' Reply to Pls.' Opp'n to Defs.' Mot. for Summ. J. at 1.) The case will be scheduled for further hearing unless counsel can stipulate to the amount due on the 3/27/87 Note, based on this decision.

    b.  6/10/87 Note

The amount due on the note, as of 11/10/08, is $101,886.43, with per diem interest after 11/10/08 of $10.96. (Jt. Ex. 27.) The note also calls for attorney's fees to be paid by the guarantor "should suit be commenced or an attorney employed to enforce payment of this note." (Jt. Ex. 7.)

The entry is

> Judgment is entered in favor of the Plaintiffs, Mavourneen Tornesello and Michael Tornesello and against the Defendants, Debra Tisdale, Individually and as Personal Representative of the Estate of Robert A. Tisdale, Jr. on the Plaintiffs' Complaint in amount to be determined at hearing, plus interest and costs.
>
> Judgment is entered in favor of Defendant Debra Tisdale, Individually, and against the Plaintiffs, Mavourneen Tornesello and Michael Tornesello on the Defendant's Counterclaim in the amount of $101,886.43 as of November 10, 2008, with per diem interest after November 10, 2008 at the rate of $10.96, plus attorneys' fees and costs.

Date: July 6, 2009

Nancy Mills
Justice, Superior Court

---

[13] This note does not provide for attorneys' fees.

14

MICHAEL P TORNESELLO  - PLAINTIFF
33-4G LODGEN COURT
MALDEN MA 02148
Attorney for: MICHAEL P TORNESELLO
DANIEL STEVENS  - RETAINED 10/06/2006
PIERCE ATWOOD
77 WINTHROP STREET
AUGUSTA ME 04330-5552


MAVOURNEEN M TORNESELLO  - PLAINTIFF
33-4G LODGEN COURT
MALDEN MA 02148
Attorney for: MAVOURNEEN M TORNESELLO
DANIEL STEVENS  - RETAINED 10/06/2006
PIERCE ATWOOD
77 WINTHROP STREET
AUGUSTA ME 04330-5552


vs
DEBRA A TISDALE  - DEFENDANT
2376 SEATTLE SLEW DRIVE,
SARASOTA FL 34240
Attorney for: DEBRA A TISDALE
JAMES E MITCHELL  - RETAINED
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330


ROBERT A TISDALE EST OF  - PERSONAL REPRESENTATIVE
GARDINER SAVINGS INSTITUTION - TRUSTEE
TD BANKNORTH - TRUSTEE
BANK OF AMERICA - TRUSTEE
KENNEBEC SAVINGS BANK - TRUSTEE
BORDER TRUST COMPANY - TRUSTEE
KEY BANK - TRUSTEE
BANGOR SAVINGS BANK - TRUSTEE
NORTHEAST BANK - TRUSTEE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2006-00243


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 10/06/2006

## Docket Events:

10/06/2006 FILING DOCUMENT - COMPLAINT FILED ON 10/06/2006


10/06/2006 Party(s):  MAVOURNEEN M TORNESELLO
          ATTORNEY - RETAINED ENTERED ON 10/06/2006
          Plaintiff's Attorney: DANIEL STEVENS


10/06/2006 Party(s):  MICHAEL P TORNESELLO
          ATTORNEY - RETAINED ENTERED ON 10/06/2006
          Plaintiff's Attorney: DANIEL STEVENS


10/06/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/06/2006
          Plaintiff's Attorney:  DANIEL STEVENS
          MAILED TO ATTY. OF RECORD.

10/06/2006  Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
            MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 10/06/2006
            Plaintiff's Attorney:  DANIEL STEVENS
            MEMORANDUM OF LAW IN SUPPORT OF EX PARTE MOTION FOR APPROVAL OF ATTACHMENT AND ATTACHMENT
            ON TRUSTEE PROCESS, AFFIDAVIT OF MAVOURNEED TORNESELLO, AFFIDAVIT OF DANIEL J. STEVENS,
            AND PROPOSED ORDER GRANTING EXP PARTE ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS

10/11/2006  Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
            MOTION - EX PARTE ATTACH/TRUSTEE PROC GRANTED ON 10/11/2006
            NANCY  MILLS , JUSTICE
            COPIES TO PARTIES/COUNSEL                                      IT IS ORDERED
            THAT PLAINTIFFS ARE GRANTED AN ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS ON DEFENDANTS'
            PROPERTY IN THE AMOUNT OF $1,469,589.40

10/17/2006  LETTER - FROM NON-PARTY FILED ON 10/16/2006
            LETTER FROM TRUSTEE BANGOR SAVINGS BANK.  NO ACCOUNTS OR PROPERTY.

10/17/2006  OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/16/2006
            AFFIDAVIT OF KAREN SAWYER FOR TRUSTEE NORTHEAST BANK.  NO DEPOSIT RELATIONSHIP.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            CLISTA WEST FOR BANGOR SAVINGS BANK.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            FONDA VIOLETTE FOR NORTHEAST BANK.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            DONNA YORK FOR GARDINER SAVINGS INSTITUTION.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            LAURIE DYER FOR TD BANKNORTH.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            JULIE RICE FOR BANK OF AMERICA.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            WILLIAM HILL FOR KENNEBEC SAVINGS BANK.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            DONNA MARTIN FOR BORDER TRUST COMPANY.

10/18/2006  SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
            IRENE WASIELEWSKI FOR KEY BANK.

10/18/2006  LETTER - FROM NON-PARTY FILED ON 10/18/2006
            LETTER FROM BORDER TRUST.  NO GOODS, EFFECTS, OR CREDITS.

10/19/2006  LETTER - FROM NON-PARTY FILED ON 10/19/2006
            LETTER FROM KEY BANK.  NO ATTACHABLE ACCOUNTS, ACCOUNTS CLOSED RE: DEBRA A. TISDALE AND
            ROBERT A. TISDALE, JR.  NO RECORD BASED ON INFORMATION PROVIDED RE: ESTATE OF ROBERT A.
            TISDALE, JR.

10/20/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/20/2006
KENNEBEC SAVINGS BANK HAD THE FOLLOWING GOODS, EFFECTS, OR CREDITS IN ITS CONTROL OR
POSSESSION AS OF 10/12/06 - ACCOUNT #100076167: $47.78.

10/23/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/23/2006
GARDINER SAVINGS INSTITUTION - ACCOUNT 90457855, $5.23.

10/26/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/26/2006
BANK OF AMERICA HAD $0.00 IN ITS POSSESSION.

10/31/2006 Party(s): DEBRA A TISDALE
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/25/2006

11/06/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 11/06/2006
TD BANKNORTH HAD NO GOODS, EFFECTS, OR CREDITS IN THE NAME OF THE DEFT, 11/01/06.

11/14/2006 Party(s): DEBRA A TISDALE
RESPONSIVE PLEADING - ANSWER FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL

11/14/2006 Party(s): DEBRA A TISDALE
MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL
WITH MEMORANDUM OF LAW.

11/14/2006 Party(s): DEBRA A TISDALE
ATTORNEY - RETAINED ENTERED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL

11/14/2006 Party(s): DEBRA A TISDALE
RESPONSIVE PLEADING - ANSWER FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL
ANSWER TO PLFS' COMPLAINT BY DEFT, DEBRA A. TISDALE, AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF ROBERT A. TISDALE, JR.

12/05/2006 Party(s): MAVOURNEEN M TORNESELLO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/05/2006
Plaintiff's Attorney: DANIEL STEVENS
MOTION FOR ENLARGEMENT TO FILE OPPOSITION

12/06/2006 Party(s): MAVOURNEEN M TORNESELLO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/05/2006
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                        TIME EXTENDED
FOR 14 DAYS TO FILE MEMORANDA

12/19/2006 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/19/2006
Plaintiff's Attorney: DANIEL STEVENS
PLFS' MEMORANDUM IN OPPOSITION TO DEFT'S MOTION FOR JUDGMENT ON THE PLEADINGS, WITH
AFFIDAVIT OF MAVOURNEEN TORNESELLO, STATEMENT OF MATERIAL FACTS.

12/19/2006 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO

OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/19/2006
Plaintiff's Attorney: DANIEL STEVENS
PLFS' MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO DISSOLVE ATTACHMENT

12/26/2006 Party(s): MAVOURNEEN M TORNESELLO
OTHER FILING - AFFIDAVIT FILED ON 12/26/2006
Plaintiff's Attorney: DANIEL STEVENS
AFFIDAVIT OF MAVOURNEEN TORNESELLO FILED IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT
ON THE PLEADINGS.

01/09/2007 Party(s): DEBRA A TISDALE
OTHER FILING - REPLY MEMORANDUM FILED ON 01/09/2007
Defendant's Attorney: JAMES E MITCHELL
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS,
STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF DEBRA TISDALE.

01/09/2007 Party(s): DEBRA A TISDALE
OTHER FILING - REPLY MEMORANDUM FILED ON 01/09/2007
Defendant's Attorney: JAMES E MITCHELL
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISSOLVE ATTACHMENT, FILED.

01/11/2007 Party(s): DEBRA A TISDALE
MOTION - MOTION TO CONTINUE FILED ON 01/11/2007
Defendant's Attorney: JAMES E MITCHELL
UNOPPOSED

02/01/2007 Party(s): DEBRA A TISDALE
MOTION - MOTION TO CONTINUE GRANTED ON 01/31/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

04/23/2007 Party(s): DEBRA A TISDALE
MOTION - MOTION TO AMEND PLEADING FILED ON 04/23/2007
Defendant's Attorney: GEOFFREY SMITH
WITH MEMORANDUM OF LAW

04/23/2007 Party(s): DEBRA A TISDALE
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM AMENDED ON 04/23/2007
Plaintiff's Attorney: GEOFFREY SMITH

04/23/2007 Party(s): ROBERT A TISDALE EST OF
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM AMENDED ON 04/23/2007
Plaintiff's Attorney: GEOFFREY SMITH
BY DEFENDANT DEBRA A TISDALE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A TISDALE,
JR.

05/09/2007 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
LETTER - FROM PARTY FILED ON 05/09/2007
Plaintiff's Attorney: DANIEL STEVENS
LETTER INFORMING THE COURT THAT THERE IS NO OBJECTION TO DEFENDANTS' MOTION TO AMEND
PLEADINGS.

05/11/2007 Party(s): DEBRA A TISDALE

MOTION - MOTION TO AMEND PLEADING GRANTED ON 05/10/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

05/31/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 05/31/2007
Plaintiff's Attorney:  DANIEL STEVENS

06/05/2007 HEARING - MOTION JUDGMENT ON PLEADINGS HELD ON 06/05/2007
S KIRK STUDSTRUP , JUSTICE
NO COURTROOM CLERK

06/13/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
MOTION - MOTION STAY OF PROCEEDINGS FILED ON 06/12/2007
Plaintiff's Attorney:  DANIEL STEVENS
PLTF'S MOTION TO STAY AND INCORPORATED MEMORANDUM OF LAW.  EXHIBITS A AND B, REQUEST FOR
HEARING, PROPOSED ORDER.

06/14/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
LETTER - FROM PARTY FILED ON 06/14/2007
Plaintiff's Attorney:  DANIEL STEVENS
LETTER REGARDING MOTION TO STAY

06/19/2007 Party(s):  DEBRA A TISDALE
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 06/18/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

06/19/2007 Party(s):  DEBRA A TISDALE
MOTION - DISSOLVE ATTACH/TRUSTEE PROC FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL

06/19/2007 Party(s):  DEBRA A TISDALE
MOTION - DISSOLVE ATTACH/TRUSTEE PROC GRANTED ON 06/18/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL                                    SEE ORDER ON
MOTIONS

06/19/2007 ORDER - COURT ORDER ENTERED ON 06/18/2007
S KIRK STUDSTRUP , JUSTICE
(1)  THE DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS IS DENIED. (2) THE DEFENDANTS'
MOTION TO DISSOLVE ATTACHMENT IS GRANTED TO THE EXTENT THAT THE ATTACHMENT IS REDUCED TO
$171,500, BUT IS OTHERWISE DENIED.  COPIES MAILED TO ATTYS.

07/10/2007 Party(s):  DEBRA A TISDALE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 07/03/2007
Defendant's Attorney: JAMES E MITCHELL
DEFTS' OPPOSITION TO PLTFS' MOTION TO STAY, WITH INCORPORATED MEMORANDUM OF LAW.
ATTACHMENTS.

07/10/2007 Party(s):  DEBRA A TISDALE
APPEAL - NOTICE OF APPEAL FILED ON 07/03/2007
Defendant's Attorney: JAMES E MITCHELL

NOTICE OF APPEAL TO THE LAW COURT AND STATEMENT OF ISSUES

07/13/2007 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
OTHER FILING - REPLY MEMORANDUM FILED ON 07/12/2007
Plaintiff's Attorney: DANIEL STEVENS
IN SUPPORT OF THEIR MOTION TO STAY.

07/24/2007 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 07/31/2007
KEN-07-406

07/25/2007 APPEAL - RECORD ON APPEAL SENT TO LAW COURT ON 07/25/2007

06/12/2008 APPEAL - MANDATE/ORDER FILED ON 06/02/2008

06/12/2008 APPEAL - MANDATE/ORDER DISMISSED ON 06/02/2008
APPEAL FROM THE SUPERIOR COURT'S ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
DISMISSED.

06/12/2008 APPEAL - MANDATE/ORDER AFFIRMED ON 06/02/2008
ORDER MODIFYING ATTACHMENT AFFIRMED

06/18/2008 Party(s): MAVOURNEEN M TORNESELLO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/18/2008
Plaintiff's Attorney: JAMES E MITCHELL
DEFENDANT'S REQUEST FOR ADMISSIONS OF FACT SERVED ON MAVOURNEEN TORNESELLO SERVED ON
DANIEL STEVENS, ESQ. ON 6/17/08.

06/18/2008 APPEAL - RECORD ON APPEAL RECVD FROM LAW COURT ON 06/11/2008

07/23/2008 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/21/2008
Plaintiff's Attorney: DANIEL STEVENS
PLTFS' RESPONSE TO DEFTS' REQUEST FOR ADMISSIONS OF FACT SERVED ON MAVOURNEEN TORNESELLO &
MICHAEL TORNESELLO, SERVED ON J. MITCHELL, ESQ. ON 07/17/08.

07/23/2008 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/23/2008
Plaintiff's Attorney: DANIEL STEVENS
NOTICE TO TAKE DEPOSITION OF DEBRA A TISDALE SERVED ON JAMES E MITCHELL, ESQ. ON7/22/08.

08/06/2008 Party(s): DEBRA A TISDALE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/01/2008
Defendant's Attorney: JAMES E MITCHELL
NOTICES OF DEPOSITION: MAVOURNEEN M. TORNESELLO AND MICHAEL P. TORNESELLO, SERVED ON D.
STEVENS, ESQ. ON 07/31/08.

10/21/2008 ORDER - SCHEDULING ORDER ENTERED ON 10/17/2008
NANCY MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
STEVENS AND MITCHELL

10/21/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/31/2008

10/21/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/17/2008
           NANCY  MILLS , JUSTICE

10/21/2008 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           MOTION - MOTION STAY OF PROCEEDINGS MOOT ON 06/18/2007
           PER J. STUDSTRUP'S ORDER 06/18/07

11/07/2008 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 11/06/2008
           Plaintiff's Attorney:  DANIEL STEVENS
           MEDIATION WITH MATTHEW DYER ON 11/18/08

11/24/2008 Party(s):  DEBRA A TISDALE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/24/2008
           Defendant's Attorney: JAMES E MITCHELL
           EXPERT WITNESS DESIGNATION, SERVED ON D. STEVENS, ESQ. ON 11/17/08.

11/26/2008 ORDER - REPORT OF ADR CONF/ORDER FILED ON 11/26/2008
           Defendant's Attorney: JAMES E MITCHELL
           Plaintiff's Attorney:  DANIEL STEVENS

11/26/2008 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/26/2008

12/03/2008 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 12/01/2008
           NANCY  MILLS , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
           STEVENS AND MITCHELL

12/30/2008 TRIAL - TRAILING LIST SCHEDULED FOR 12/30/2008
           FEBRUARY 3 TO MARCH 27, 2009

01/06/2009 Party(s):  DEBRA A TISDALE
           MOTION - MOTION PARTIAL SUMMARY JUDG FILED WITH AFFIDAVIT ON 01/06/2009
           Defendant's Attorney: JAMES E MITCHELL
           W/ MEMORANDUM IN SUPPORT, STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF JAMES E. MITCHELL,
           AFFIDAVIT OF JASON GOULD, AFFIDAVIT OF DONALD GASINK

01/06/2009 OTHER FILING - TRANSCRIPT FILED ON 01/06/2009
           OF MICHAEL TORNESELLO, 08/15/08

01/06/2009 OTHER FILING - TRANSCRIPT FILED ON 01/06/2009
           OF MAVOURNEEN TORNESELLO, 08/15/08

01/06/2009 OTHER FILING - TRANSCRIPT FILED ON 01/06/2009
           OF DEBRA TISDALE, 07/24/08

01/23/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - WITNESS LIST FILED ON 01/15/2009
           Plaintiff's Attorney:  DANIEL STEVENS

01/23/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - EXHIBIT LIST FILED ON 01/15/2009
           Plaintiff's Attorney:  DANIEL STEVENS

01/23/2009 Party(s): DEBRA A TISDALE
          OTHER FILING - WITNESS LIST FILED ON 01/15/2009
          Defendant's Attorney: JAMES E MITCHELL

01/23/2009 Party(s): DEBRA A TISDALE
          OTHER FILING - EXHIBIT LIST FILED ON 01/15/2009
          Defendant's Attorney: JAMES E MITCHELL

01/29/2009 Party(s): MICHAEL P TORNESELLO
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/27/2009
          Plaintiff's Attorney: DANIEL STEVENS
          COUNTERCLAIM DEFT'S OPPOSITION TO COUNTERCLAIM PLTF'S STATEMENT OF MATERIAL FACTS AND
          STATEMENT OF ADDITIONAL FACTS

01/29/2009 Party(s): MICHAEL P TORNESELLO
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/27/2009
          Plaintiff's Attorney: DANIEL STEVENS
          COUNTERCLAIM DEFT'S OPPOSITION TO COUNTERCLAIM PLTF'S MOTION FOR S.J.

01/29/2009 Party(s): MAVOURNEEN M TORNESELLO,DEBRA A TISDALE,MICHAEL P TORNESELLO
          MOTION - OTHER MOTION FILED ON 01/29/2009
          Defendant's Attorney: JAMES E MITCHELL
          Plaintiff's Attorney: DANIEL STEVENS
          AGREED MOTIOON TO REMOVE CASE FROM TRIAL LIST

02/02/2009 Party(s): MAVOURNEEN M TORNESELLO,DEBRA A TISDALE,MICHAEL P TORNESELLO
          MOTION - OTHER MOTION DENIED ON 01/30/2009
          NANCY MILLS , JUSTICE
          AGREED MOTION TO REMOVE CASE FROM TRIAL LIST                    COPY TO ATTYS
          STEVENS AND MITCHELL

02/04/2009 ORDER - FAIL FILE STATEMENT OF COUNSEL ENTERED ON 02/04/2009
          NANCY MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPY TO ATTYS
          STEVENS AND MITCHELL                                 $75 SANCTION IMPOSED

02/09/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/15/2009
          Plaintiff's Attorney: DANIEL STEVENS
          1 TO 1-1/2 DAYS

02/09/2009 ORDER - FAIL FILE STATEMENT OF COUNSEL VACATED ON 02/09/2009
          NANCY MILLS , JUSTICE
          COPY TO ATTYS STEVENS AND MITCHELL

02/10/2009 Party(s): DEBRA A TISDALE
          LETTER - FROM PARTY FILED ON 02/06/2009
          Defendant's Attorney: JAMES E MITCHELL
          RE: TRIAL LIST

02/10/2009 Party(s): DEBRA A TISDALE
          MOTION - OTHER MOTION FILED ON 02/06/2009
          Defendant's Attorney: JAMES E MITCHELL

MOTION TO ALLOW EXTENDED REPLY MEMORANDUM

02/11/2009 TRIAL - BENCH SCHEDULED FOR 03/24/2009 @ 1:00  in Room No.  1

02/11/2009 TRIAL - BENCH NOTICE SENT ON 02/11/2009

02/11/2009 TRIAL - BENCH SCHEDULED FOR 03/25/2009 @ 8:00  in Room No.  1

02/11/2009 Party(s):  DEBRA A TISDALE
           MOTION - OTHER MOTION GRANTED ON 02/11/2009
           NANCY  MILLS , JUSTICE
           COPY TO ATTYS STEVENS AND MITCHELL

02/11/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - REPLY MEMORANDUM FILED ON 02/06/2009
           Defendant's Attorney: JAMES E MITCHELL
           DEBRA TISDALE'S REPLY TO THE OPPOSITION TO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

02/17/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - REPLY MEMORANDUM FILED ON 02/17/2009
           Plaintiff's Attorney:  MALCOLM LYONS
           COUNTERCLAIM DEFTS' SURREPLY TO D. TISDALE'S REPLY TO THE OPPOSITION TO HER MOTION FOR
           PARTIAL S.J.

02/24/2009 Party(s):  DEBRA A TISDALE
           MOTION - MOTION PARTIAL SUMMARY JUDG FILED ON 02/20/2009
           Plaintiff's Attorney:  JAMES E MITCHELL
           DEFTS' MOTION FOR PARTIAL S.J. ON PLTFS' CLAIMS, MEMORANDUM, STATEMENT OF MATERIAL FACTS
           NOT IN DISPUTE, STIPULATION OF FACTS, NOTICE OF HEARING, PROPOSED ORDER.

02/26/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - NOTICE WITHDRAWAL OF COUNSEL FILED ON 02/25/2009
           Plaintiff's Attorney:  WILLIAM P SAXE

03/17/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           PLTFS' OPPOSITION TO DEFTS' MOTION FOR PARTIAL S.J. ON PLTFS' CLAIMS, OPPOSING STATEMENT
           OF MATERIAL FACTS, AFFIDAVIT OF MAVOURNEEN TORNESELLO, PROPOSED ORDER ON DEFTS' MOTION FOR
           PARTIAL S.J.

03/17/2009 OTHER FILING - TRANSCRIPT FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           DEPOSITION OF MAVOURNEEN M. TORNESELLO, 08/15/08

03/17/2009 OTHER FILING - TRANSCRIPT FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           DEPOSITION OF MICHAEL P. TORNESELLO, 08/15/08

03/17/2009 OTHER FILING - TRANSCRIPT FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           DEPOSITION OF DEBRA A. TISDALE, 07/24/08

03/17/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 03/13/2009
          Plaintiff's Attorney:  DANIEL STEVENS
          PLTFS' REQUEST FOR SUMMARY JUDGMENT AGAINST THE MOVING PARTY PURSUANT TO RULE 56(C)

03/20/2009 Party(s):  DEBRA A TISDALE
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/20/2009
          Defendant's Attorney: JAMES E MITCHELL
          DEFT'S REPLY TO PLTFS' OPPOSITION TO DEFT'S MOTION FOR PARTIAL S.J. ON PLTFS' CLAIMS

03/20/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 03/20/2009
          Defendant's Attorney: EMILY M MITCHELL

03/23/2009 TRIAL - BENCH NOT HELD ON 03/23/2009
          TRIAL TO BEGIN ON 3/25/09

03/23/2009 NOTE - OTHER CASE NOTE ENTERED ON 03/23/2009
          INFORMED SECRETARIES OF BOTH ATTORNEYS THAT TRIAL WILL BEGIN AT 8:00 A.M. ON 03/25/09.

04/08/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          OTHER FILING - OTHER DOCUMENT FILED ON 04/01/2009
          Plaintiff's Attorney:  DANIEL STEVENS
          PLTFS' RESPONSE TO LEGAL AUTHORITY PROVIDED BY DEFTS TO THE COURT.

04/10/2009 Party(s):  DEBRA A TISDALE
          OTHER FILING - REPLY MEMORANDUM FILED ON 04/07/2009
          Defendant's Attorney: JAMES E MITCHELL
          DEBRA TISDALE'S REPLY TO PLTFS' LEGAL AUTHORITY

04/30/2009 TRIAL - TRAILING LIST HELD ON 03/25/2009

07/06/2009 TRIAL - BENCH HELD ON 03/25/2009
          NANCY  MILLS , JUSTICE
          Defendant's Attorney: JAMES E MITCHELL
          Plaintiff's Attorney:  DANIEL STEVENS          Reporter: JANETTE COOK
          OPENING STATEMENTS.  PLTF'S WITNESSES: MAVOURNEEN TORNESELLO, DEBRA TISDALE, MICHAEL
          TORNESELLO.  DEFT'S WITNESSES: DEBRA TISDALE. SEE EXHIBIT LIST.

07/06/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 07/06/2009
          NANCY  MILLS , JUSTICE

          ORDER - COURT JUDGMENT ENTERED ON 07/06/2009
          NANCY  MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL
          Judgment entered for DEBRA A TISDALE and against MAVOURNEEN M TORNESELLO, MICHAEL P TORNESELLO
          in the amount of $101886.43. JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT DEBRA TISDALE,
          INDIVIDUALLY,  AND AGAINST THE PLAINTIFFS, MAVOURNEEN TORNESELLO AND MICHAEL TORNESELLO ON THE
          DEFENDANT'S COUNTERCLAIM IN THE AMOUNT OF $101,886.43 AS OF NOVEMBER 10, 2008, WITH PER DIEM
          INTEREST AFTER NOVEMBER 10, 2008 AT THE RATE OF $10.96, PLUS ATTORNEYS' FEES AND COSTS.
          Judgment entered for MAVOURNEEN M TORNESELLO, MICHAEL P TORNESELLO and against DEBRA A TISDALE,
          ROBERT A TISDALE EST OF. JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFFS, MAVOURNEEN TORNESELLO

AND MICHAEL TORNESELLO AND AGAINST THE DEFENDANTS, DEBRA TISDALE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. TISDALE, JR. ON THE PLAINTIFFS' COMPLAINT IN AMOUNT TO BE DETERMINED AT HEARING, PLUS INTEREST AND COSTS.


07/06/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           MOTION - MOTION SUMMARY JUDGMENT MOOT ON 07/06/2009
           NANCY  MILLS , JUSTICE


07/06/2009 Party(s):  DEBRA A TISDALE
           MOTION - MOTION PARTIAL SUMMARY JUDG MOOT ON 07/06/2009
           NANCY  MILLS , JUSTICE


07/06/2009 Party(s):  DEBRA A TISDALE
           MOTION - MOTION PARTIAL SUMMARY JUDG MOOT ON 07/06/2009
           NANCY  MILLS , JUSTICE


07/07/2009 NOTE - OTHER CASE NOTE ENTERED ON 07/07/2009
           NOTICE OF REMOVAL OF EXHIBITS SENT TO ATTYS STEVENS AND MITCHELL


07/21/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF
           MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 07/16/2009
           Defendant's Attorney: JAMES E MITCHELL
           MOTION TO ALTER AND AMEND JUDGMENT


07/21/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF,BORDER TRUST COMPANY
           MOTION - OTHER MOTION FILED ON 07/16/2009
           Defendant's Attorney: JAMES E MITCHELL
           MOTION TO AMEND FINDINGS


07/30/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - TRANSCRIPT ORDER FORM FILED ON 07/24/2009
           Defendant's Attorney: JAMES E MITCHELL


07/30/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - TRANSCRIPT ORDER FORM SENT TO REPORTER/ER ON 07/28/2009
           GIVEN TO J. COOK IN HAND


07/30/2009 Party(s):  MAVOURNEEN M TORNESELLO
           LETTER - FROM PARTY FILED ON 07/28/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           RE: EXHIBITS


08/13/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/06/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           PLTFS' OPPOSITION TO DEFT'S MOTION TO ALTER AND AMEND JUDGMENT AND MOTION TO AMEND
           FINDINGS


08/18/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - REPLY MEMORANDUM FILED ON 08/12/2009
           Plaintiff's Attorney:  JAMES E MITCHELL
           REPLY TO OPPOSTION TO MOTION TO ALTER AND AMEND

08/18/2009 OTHER FILING - TRANSCRIPT FILED ON 08/18/2009
          Reporter: JANETTE COOK
          TRIAL PROCEEDINGS, 3/25/09


08/19/2009 Party(s): DEBRA A TISDALE
          LETTER - FROM PARTY FILED ON 08/19/2009
          Defendant's Attorney: JAMES E MITCHELL
          RE: TRANSCRIPT PAGES, WITH ATTACHMENTS (TRANSCRIPT PAGES RELATING TO ESTOPPEL, TRANSCRIPT
          PAGES RELATING TO INSTALLMENT).


08/19/2009 OTHER FILING - TRANSCRIPT FILED ON 08/19/2009
          Defendant's Attorney: JAMES E MITCHELL
          COPY OF TRANSCRIPT OF TRIAL PROCEEDINGS, 3/25/09


08/21/2009 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          LETTER - FROM PARTY FILED ON 08/21/2009
          Plaintiff's Attorney: DANIEL STEVENS
          RESPONDING TO ATTY MITCHELL'S LETTER FILED 8/19.


08/21/2009 Party(s): MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          LETTER - FROM PARTY FILED ON 08/21/2009
          Plaintiff's Attorney: DANIEL STEVENS
          REQUESTING A HEARING OR THAT THE COURT ORDER THE PARTIES TO PROVIDE WRITTEN SUBMISSION OF
          THEIR COMPUTATIONS RE: 3/27/87 NOTE.


09/18/2009 Party(s): DEBRA A TISDALE,ROBERT A TISDALE EST OF
          MOTION - MOTION ALTER/AMEND ORDER/JUDG DENIED ON 09/16/2009
          NANCY  MILLS , JUSTICE
          COPIES TO PARTIES/COUNSEL


09/18/2009 Party(s): DEBRA A TISDALE,ROBERT A TISDALE EST OF,BORDER TRUST COMPANY
          MOTION - OTHER MOTION DENIED ON 09/16/2009
          NANCY  MILLS , JUSTICE
          MOTION TO AMEND FINDINGS


09/18/2009 ORDER - COURT ORDER ENTERED ON 09/16/2009
          NANCY  MILLS , JUSTICE
          THE MOTION TO ALTER OR AMEND JUDGMENT IS DENIED.  THE MOTION TO AMEND FINDINGS IS DENIED.


10/01/2009 HEARING - HEARING ON DAMAGES SCHEDULED FOR 10/06/2009 @ 2:00  in Room No.  1


10/01/2009 HEARING - HEARING ON DAMAGES NOTICE SENT ON 10/01/2009


10/06/2009 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 10/05/2009


10/06/2009 HEARING - HEARING ON DAMAGES HELD ON 10/06/2009
          NANCY  MILLS , JUSTICE
          Defendant's Attorney: EMILY M MITCHELL
          Plaintiff's Attorney: DANIEL STEVENS          Reporter: TAMMY DROUIN
          BRIEFS TO BE SUBMITTED BY 10/16/09.


10/07/2009 Party(s): DEBRA A TISDALE

OTHER FILING - AFFIDAVIT FILED ON 10/06/2009
Defendant's Attorney: JAMES E MITCHELL
AFFIDAVIT OF JAMES E. MITCHELL, W/ ATTACHMENT


A TRUE COPY
ATTEST: _____
                        Clerk

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-243

*N/M   KEN- 12/1*

MAVOURNEEN M. TORNESELLO
and MICHAEL P. TORNESELLO,

Plaintiffs

v.

**JUDGMENT**

DEBRA A. TISDALE, individually, and as
Personal Representative of the Estate of
ROBERT A. TISDALE, JR.,

Defendants

A jury waived trial on the plaintiffs' complaint and defendants' counterclaim was held on March 25, 2009. By judgment dated July 6, 2009, the court entered judgment in favor of the Tornesellos on the March 27, 1987 note, which was the subject of their complaint, and in favor of Debra Tisdale and the Estate of Robert A. Tisdale, Jr. on the June 10, 1987 note, which was the subject of their counterclaim. With regard to the June 10, 1987 note, the court determined that the amount due, as of November 10, 2008, was $101,886.43, with per diem interest of $10.86 plus attorney fees. The court requested that the parties confer with regard to a stipulation as to the amount due on the March 27, 1987 note, based upon the findings and conclusions of the court in the judgment.

On July 16, 2009, the Tisdales filed a motion to alter and amend judgment. The court denied that motion by order dated September 16, 2009.

On October 6, 2009, the court held a hearing on the damages with regard to the March 27, 1987 note. Through counsel, the parties appeared at the hearing and stipulated that the amount due on the March 27, 1987 note, as of March 27, 2009, was

$221,578.00. This amount represents the interest that would have been due pursuant to the BankEast note. The BankEast interest rate was based upon the index rate identified as the weekly average yield on United States Treasuries Securities adjusted to a constant maturity of one year, as made payable by the Federal Reserve Board. This index rate is set forth in the BankEast note identified as exhibit 3 at the March 25, 2009 trial.

At the March 25, 2009 trial, exhibit 28 was admitted, which sets forth, in the fourth column, the yearly index rates from the date of the loan through March 27, 2009. The BankEast note required that the rate charged the Tornesellos would adjust annually based upon the index rate plus an additional 2.875%. Column 6 of exhibit 28 sets forth the yearly interest payments that would be due pursuant to the BankEast note, taking into consideration the index rate plus an additional 2.875%.

Based upon the court's July 6, 2009 judgment, the parties stipulated that the total amount due for interest, from the inception of the loan through March 27, 2009, would have been $276,458.00. Also based upon the court's July 6, 2009 judgment, the parties stipulated that the first three years of interest should be deducted from that amount, because the court found that the Tisdales stopped making payments in late 1989 or 1990.

After deducting the first three years of interest, the parties stipulated that the amount due in interest on the $171,500.00 loan as of March 27, 2009 was $221,578.00.

Pursuant to the court's judgment of July 6, 2009, the Tornesellos are not entitled to accelerate the amounts due on the March 27, 1987 note.

Also pursuant to the court's July 6, 2009 judgment, the amount due on the June 10, 1987 note as of November 10, 2008, was $101,886.43, with per diem interest after November 10, 2008 of $10.96 per day. The amount due on the June 10, 1987 note as of March 27, 2009, was $103,376.99.

The June 10, 1987 note contains a provision for attorney fees. The parties stipulated that the attorney fees award on the June 10, 1987 note is $23,000.00. This amount is awarded to the defendants Debra Tisdale, individually and as Personal Representative of the Estate of Robert A. Tisdale, Jr. and against the plaintiffs Mavourneen Tornesello and Michael Tornesello.

The parties stipulated that they are entitled to post-judgment interest as of July 6, 2009 at the statutory rate of 6.40%.

Date: December 1, 2009

Nancy Mills
Justice, Superior Court

3

MICHAEL P TORNESELLO  - PLAINTIFF                    SUPERIOR COURT
33-4G LODGEN COURT                                   KENNEBEC, ss.
MALDEN MA 02148                                      Docket No   AUGSC-CV-2006-00243
Attorney for: MICHAEL P TORNESELLO
DANIEL STEVENS  - RETAINED 10/06/2006
PIERCE ATWOOD                                        **DOCKET RECORD**
77 WINTHROP STREET
AUGUSTA ME 04330-5552


MAVOURNEEN M TORNESELLO  - PLAINTIFF
33-4G LODGEN COURT
MALDEN MA 02148
Attorney for: MAVOURNEEN M TORNESELLO
DANIEL STEVENS  - RETAINED 10/06/2006
PIERCE ATWOOD
77 WINTHROP STREET
AUGUSTA ME 04330-5552


vs
DEBRA A TISDALE  - DEFENDANT
2376 SEATTLE SLEW DRIVE,
SARASOTA FL 34240
Attorney for: DEBRA A TISDALE
JAMES E MITCHELL  - RETAINED
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330

ROBERT A TISDALE EST OF  - PERSONAL REPRESENTATIVE
GARDINER SAVINGS INSTITUTION - TRUSTEE
TD BANKNORTH - TRUSTEE
BANK OF AMERICA - TRUSTEE
KENNEBEC SAVINGS BANK - TRUSTEE
BORDER TRUST COMPANY - TRUSTEE
KEY BANK - TRUSTEE
BANGOR SAVINGS BANK - TRUSTEE
NORTHEAST BANK - TRUSTEE

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 10/06/2006

## Docket Events:
10/06/2006 FILING DOCUMENT - COMPLAINT FILED ON 10/06/2006

10/06/2006 Party(s):  MAVOURNEEN M TORNESELLO
           ATTORNEY - RETAINED ENTERED ON 10/06/2006
           Plaintiff's Attorney: DANIEL STEVENS

10/06/2006 Party(s):  MICHAEL P TORNESELLO
           ATTORNEY - RETAINED ENTERED ON 10/06/2006
           Plaintiff's Attorney: DANIEL STEVENS

10/06/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/06/2006
           Plaintiff's Attorney:  DANIEL STEVENS
           MAILED TO ATTY. OF RECORD.

10/06/2006 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 10/06/2006
Plaintiff's Attorney:  DANIEL STEVENS
MEMORANDUM OF LAW IN SUPPORT OF EX PARTE MOTION FOR APPROVAL OF ATTACHMENT AND ATTACHMENT
ON TRUSTEE PROCESS, AFFIDAVIT OF MAVOURNEED TORNESELLO, AFFIDAVIT OF DANIEL J. STEVENS,
AND PROPOSED ORDER GRANTING EXP PARTE ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS

10/11/2006 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
MOTION - EX PARTE ATTACH/TRUSTEE PROC GRANTED ON 10/11/2006
NANCY  MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL                                            IT IS ORDERED
THAT PLAINTIFFS ARE GRANTED AN ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS ON DEFENDANTS'
PROPERTY IN THE AMOUNT OF $1,469,589.40

10/17/2006 LETTER - FROM NON-PARTY FILED ON 10/16/2006
LETTER FROM TRUSTEE BANGOR SAVINGS BANK.  NO ACCOUNTS OR PROPERTY.

10/17/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/16/2006
AFFIDAVIT OF KAREN SAWYER FOR TRUSTEE NORTHEAST BANK.  NO DEPOSIT RELATIONSHIP.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
CLISTA WEST FOR BANGOR SAVINGS BANK.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
FONDA VIOLETTE FOR NORTHEAST BANK.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
DONNA YORK FOR GARDINER SAVINGS INSTITUTION.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
LAURIE DYER FOR TD BANKNORTH.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
JULIE RICE FOR BANK OF AMERICA.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
WILLIAM HILL FOR KENNEBEC SAVINGS BANK.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
DONNA MARTIN FOR BORDER TRUST COMPANY.

10/18/2006 SUMMONS/SERVICE - SUMMONS TO TRUSTEE SERVED ON 10/12/2006
IRENE WASIELEWSKI FOR KEY BANK.

10/18/2006 LETTER - FROM NON-PARTY FILED ON 10/18/2006
LETTER FROM BORDER TRUST.  NO GOODS, EFFECTS, OR CREDITS.

10/19/2006 LETTER - FROM NON-PARTY FILED ON 10/19/2006
LETTER FROM KEY BANK.  NO ATTACHABLE ACCOUNTS, ACCOUNTS CLOSED RE: DEBRA A. TISDALE AND
ROBERT A. TISDALE, JR.  NO RECORD BASED ON INFORMATION PROVIDED RE: ESTATE OF ROBERT A.
TISDALE, JR.

10/20/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/20/2006
KENNEBEC SAVINGS BANK HAD THE FOLLOWING GOODS, EFFECTS, OR CREDITS IN ITS CONTROL OR
POSSESSION AS OF 10/12/06 - ACCOUNT #100076167:  $47.78.


10/23/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/23/2006
GARDINER SAVINGS INSTITUTION - ACCOUNT 90457855, $5.23.


10/26/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 10/26/2006
BANK OF AMERICA HAD $0.00 IN ITS POSSESSION.


10/31/2006 Party(s):  DEBRA A TISDALE
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/25/2006


11/06/2006 OTHER FILING - TRUSTEE STATEMENT UNDER OATH FILED ON 11/06/2006
TD BANKNORTH HAD NO GOODS, EFFECTS, OR CREDITS IN THE NAME OF THE DEFT, 11/01/06.


11/14/2006 Party(s):  DEBRA A TISDALE
RESPONSIVE PLEADING - ANSWER FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL


11/14/2006 Party(s):  DEBRA A TISDALE
MOTION - MOTION JUDGMENT ON PLEADINGS FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL
WITH MEMORANDUM OF LAW.


11/14/2006 Party(s):  DEBRA A TISDALE
ATTORNEY - RETAINED ENTERED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL


11/14/2006 Party(s):  DEBRA A TISDALE
RESPONSIVE PLEADING - ANSWER FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL
ANSWER TO PLFS' COMPLAINT BY DEFT, DEBRA A. TISDALE, AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF ROBERT A. TISDALE, JR.


12/05/2006 Party(s):  MAVOURNEEN M TORNESELLO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/05/2006
Plaintiff's Attorney:  DANIEL STEVENS
MOTION FOR ENLARGEMENT TO FILE OPPOSITION


12/06/2006 Party(s):  MAVOURNEEN M TORNESELLO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/05/2006
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                          TIME EXTENDED
FOR 14 DAYS TO FILE MEMORANDA


12/19/2006 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/19/2006
Plaintiff's Attorney:  DANIEL STEVENS
PLFS' MEMORANDUM IN OPPOSITION TO DEFT'S MOTION FOR JUDGMENT ON THE PLEADINGS, WITH
AFFIDAVIT OF MAVOURNEEN TORNESELLO, STATEMENT OF MATERIAL FACTS.


12/19/2006 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO

OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/19/2006
Plaintiff's Attorney:  DANIEL STEVENS
PLFS' MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO DISSOLVE ATTACHMENT

12/26/2006 Party(s):  MAVOURNEEN M TORNESELLO
OTHER FILING - AFFIDAVIT FILED ON 12/26/2006
Plaintiff's Attorney:  DANIEL STEVENS
AFFIDAVIT OF MAVOURNEEN TORNESELLO FILED IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT
ON THE PLEADINGS.

01/09/2007 Party(s):  DEBRA A TISDALE
OTHER FILING - REPLY MEMORANDUM FILED ON 01/09/2007
Defendant's Attorney: JAMES E MITCHELL
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS,
STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF DEBRA TISDALE.

01/09/2007 Party(s):  DEBRA A TISDALE
OTHER FILING - REPLY MEMORANDUM FILED ON 01/09/2007
Defendant's Attorney: JAMES E MITCHELL
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISSOLVE ATTACHMENT, FILED.

01/11/2007 Party(s):  DEBRA A TISDALE
MOTION - MOTION TO CONTINUE FILED ON 01/11/2007
Defendant's Attorney: JAMES E MITCHELL
UNOPPOSED

02/01/2007 Party(s):  DEBRA A TISDALE
MOTION - MOTION TO CONTINUE GRANTED ON 01/31/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

04/23/2007 Party(s):  DEBRA A TISDALE
MOTION - MOTION TO AMEND PLEADING FILED ON 04/23/2007
Defendant's Attorney: GEOFFREY SMITH
WITH MEMORANDUM OF LAW

04/23/2007 Party(s):  DEBRA A TISDALE
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM AMENDED ON 04/23/2007
Plaintiff's Attorney:  GEOFFREY SMITH

04/23/2007 Party(s):  ROBERT A TISDALE EST OF
RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM AMENDED ON 04/23/2007
Plaintiff's Attorney:  GEOFFREY SMITH
BY DEFENDANT DEBRA A TISDALE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A TISDALE,
JR.

05/09/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
LETTER - FROM PARTY FILED ON 05/09/2007
Plaintiff's Attorney:  DANIEL STEVENS
LETTER INFORMING THE COURT THAT THERE IS NO OBJECTION TO DEFENDANTS' MOTION TO AMEND
PLEADINGS.

05/11/2007 Party(s):  DEBRA A TISDALE

MOTION - MOTION TO AMEND PLEADING GRANTED ON 05/10/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

05/31/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
RESPONSIVE PLEADING - REPLY/ANSWER TO COUNTERCLAIM FILED ON 05/31/2007
Plaintiff's Attorney:  DANIEL STEVENS

06/05/2007 HEARING - MOTION JUDGMENT ON PLEADINGS HELD ON 06/05/2007
S KIRK STUDSTRUP , JUSTICE
NO COURTROOM CLERK

06/13/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
MOTION - MOTION STAY OF PROCEEDINGS FILED ON 06/12/2007
Plaintiff's Attorney:  DANIEL STEVENS
PLTF'S MOTION TO STAY AND INCORPORATED MEMORANDUM OF LAW.  EXHIBITS A AND B, REQUEST FOR
HEARING, PROPOSED ORDER.

06/14/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
LETTER - FROM PARTY FILED ON 06/14/2007
Plaintiff's Attorney:  DANIEL STEVENS
LETTER REGARDING MOTION TO STAY

06/19/2007 Party(s):  DEBRA A TISDALE
MOTION - MOTION JUDGMENT ON PLEADINGS DENIED ON 06/18/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

06/19/2007 Party(s):  DEBRA A TISDALE
MOTION - DISSOLVE ATTACH/TRUSTEE PROC FILED ON 11/14/2006
Defendant's Attorney: JAMES E MITCHELL

06/19/2007 Party(s):  DEBRA A TISDALE
MOTION - DISSOLVE ATTACH/TRUSTEE PROC GRANTED ON 06/18/2007
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL                                              SEE ORDER ON
MOTIONS

06/19/2007 ORDER - COURT ORDER ENTERED ON 06/18/2007
S KIRK STUDSTRUP , JUSTICE
(1)  THE DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS IS DENIED. (2) THE DEFENDANTS'
MOTION TO DISSOLVE ATTACHMENT IS GRANTED TO THE EXTENT THAT THE ATTACHMENT IS REDUCED TO
$171,500, BUT IS OTHERWISE DENIED.  COPIES MAILED TO ATTYS.

07/10/2007 Party(s):  DEBRA A TISDALE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 07/03/2007
Defendant's Attorney: JAMES E MITCHELL
DEFTS' OPPOSITION TO PLTFS' MOTION TO STAY, WITH INCORPORATED MEMORANDUM OF LAW.
ATTACHMENTS.

07/10/2007 Party(s):  DEBRA A TISDALE
APPEAL - NOTICE OF APPEAL FILED ON 07/03/2007
Defendant's Attorney: JAMES E MITCHELL

NOTICE OF APPEAL TO THE LAW COURT AND STATEMENT OF ISSUES

07/13/2007 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - REPLY MEMORANDUM FILED ON 07/12/2007
           Plaintiff's Attorney:  DANIEL STEVENS
           IN SUPPORT OF THEIR MOTION TO STAY.

07/24/2007 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 07/31/2007
           KEN-07-406

07/25/2007 APPEAL - RECORD ON APPEAL SENT TO LAW COURT ON 07/25/2007

06/12/2008 APPEAL - MANDATE/ORDER FILED ON 06/02/2008

06/12/2008 APPEAL - MANDATE/ORDER DISMISSED ON 06/02/2008
           APPEAL FROM THE SUPERIOR COURT'S ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
           DISMISSED.

06/12/2008 APPEAL - MANDATE/ORDER AFFIRMED ON 06/02/2008
           ORDER MODIFYING ATTACHMENT AFFIRMED

06/18/2008 Party(s):  MAVOURNEEN M TORNESELLO
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/18/2008
           Plaintiff's Attorney:  JAMES E MITCHELL
           DEFENDANT'S REQUEST FOR ADMISSIONS OF FACT SERVED ON MAVOURNEEN TORNESELLO SERVED ON
           DANIEL STEVENS, ESQ. ON 6/17/08.

06/18/2008 APPEAL - RECORD ON APPEAL RECVD FROM LAW COURT ON 06/11/2008

07/23/2008 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/21/2008
           Plaintiff's Attorney:  DANIEL STEVENS
           PLTFS' RESPONSE TO DEFTS' REQUEST FOR ADMISSIONS OF FACT SERVED ON MAVOURNEEN TORNESELLO &
           MICHAEL TORNESELLO, SERVED ON J. MITCHELL, ESQ. ON 07/17/08.

07/23/2008 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/23/2008
           Plaintiff's Attorney:  DANIEL STEVENS
           NOTICE TO TAKE DEPOSITION OF DEBRA A TISDALE SERVED ON JAMES E MITCHELL, ESQ. ON7/22/08.

08/06/2008 Party(s):  DEBRA A TISDALE
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/01/2008
           Defendant's Attorney: JAMES E MITCHELL
           NOTICES OF DEPOSITION: MAVOURNEEN M. TORNESELLO AND MICHAEL P. TORNESELLO, SERVED ON D.
           STEVENS, ESQ. ON 07/31/08.

10/21/2008 ORDER - SCHEDULING ORDER ENTERED ON 10/17/2008
           NANCY  MILLS , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
           STEVENS AND MITCHELL

10/21/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/31/2008

10/21/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 10/17/2008
          NANCY  MILLS , JUSTICE


10/21/2008 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          MOTION - MOTION STAY OF PROCEEDINGS MOOT ON 06/18/2007
          PER J. STUDSTRUP'S ORDER 06/18/07


11/07/2008 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 11/06/2008
          Plaintiff's Attorney:  DANIEL STEVENS
          MEDIATION WITH MATTHEW DYER ON 11/18/08


11/24/2008 Party(s):  DEBRA A TISDALE
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/24/2008
          Defendant's Attorney: JAMES E MITCHELL
          EXPERT WITNESS DESIGNATION, SERVED ON D. STEVENS, ESQ. ON 11/17/08.


11/26/2008 ORDER - REPORT OF ADR CONF/ORDER FILED ON 11/26/2008
          Defendant's Attorney: JAMES E MITCHELL
          Plaintiff's Attorney:  DANIEL STEVENS


11/26/2008 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/26/2008


12/03/2008 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 12/01/2008
          NANCY  MILLS , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
          STEVENS AND MITCHELL


12/30/2008 TRIAL - TRAILING LIST SCHEDULED FOR 12/30/2008
          FEBRUARY 3 TO MARCH 27, 2009


01/06/2009 Party(s):  DEBRA A TISDALE
          MOTION - MOTION PARTIAL SUMMARY JUDG FILED WITH AFFIDAVIT ON 01/06/2009
          Defendant's Attorney: JAMES E MITCHELL
          W/ MEMORANDUM IN SUPPORT, STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF JAMES E. MITCHELL,
          AFFIDAVIT OF JASON GOULD, AFFIDAVIT OF DONALD GASINK


01/06/2009 OTHER FILING - TRANSCRIPT FILED ON 01/06/2009
          OF MICHAEL TORNESELLO, 08/15/08


01/06/2009 OTHER FILING - TRANSCRIPT FILED ON 01/06/2009
          OF MAVOURNEEN TORNESELLO, 08/15/08


01/06/2009 OTHER FILING - TRANSCRIPT FILED ON 01/06/2009
          OF DEBRA TISDALE, 07/24/08


01/23/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          OTHER FILING - WITNESS LIST FILED ON 01/15/2009
          Plaintiff's Attorney:  DANIEL STEVENS


01/23/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          OTHER FILING - EXHIBIT LIST FILED ON 01/15/2009
          Plaintiff's Attorney:  DANIEL STEVENS

01/23/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - WITNESS LIST FILED ON 01/15/2009
           Defendant's Attorney: JAMES E MITCHELL

01/23/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - EXHIBIT LIST FILED ON 01/15/2009
           Defendant's Attorney: JAMES E MITCHELL

01/29/2009 Party(s):  MICHAEL P TORNESELLO
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/27/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           COUNTERCLAIM DEFT'S OPPOSITION TO COUNTERCLAIM PLTF'S STATEMENT OF MATERIAL FACTS AND
           STATEMENT OF ADDITIONAL FACTS

01/29/2009 Party(s):  MICHAEL P TORNESELLO
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/27/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           COUNTERCLAIM DEFT'S OPPOSITION TO COUNTERCLAIM PLTF'S MOTION FOR S.J.

01/29/2009 Party(s):  MAVOURNEEN M TORNESELLO,DEBRA A TISDALE,MICHAEL P TORNESELLO
           MOTION - OTHER MOTION FILED ON 01/29/2009
           Defendant's Attorney: JAMES E MITCHELL
           Plaintiff's Attorney:  DANIEL STEVENS
           AGREED MOTIOON TO REMOVE CASE FROM TRIAL LIST

02/02/2009 Party(s):  MAVOURNEEN M TORNESELLO,DEBRA A TISDALE,MICHAEL P TORNESELLO
           MOTION - OTHER MOTION DENIED ON 01/30/2009
           NANCY  MILLS , JUSTICE
           AGREED MOTION TO REMOVE CASE FROM TRIAL LIST                          COPY TO ATTYS
           STEVENS AND MITCHELL

02/04/2009 ORDER - FAIL FILE STATEMENT OF COUNSEL ENTERED ON 02/04/2009
           NANCY  MILLS , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
           STEVENS AND MITCHELL                                        $75 SANCTION IMPOSED

02/09/2009 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 01/15/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           1 TO 1-1/2 DAYS

02/09/2009 ORDER - FAIL FILE STATEMENT OF COUNSEL VACATED ON 02/09/2009
           NANCY  MILLS , JUSTICE
           COPY TO ATTYS STEVENS AND MITCHELL

02/10/2009 Party(s):  DEBRA A TISDALE
           LETTER - FROM PARTY FILED ON 02/06/2009
           Defendant's Attorney: JAMES E MITCHELL
           RE: TRIAL LIST

02/10/2009 Party(s):  DEBRA A TISDALE
           MOTION - OTHER MOTION FILED ON 02/06/2009
           Defendant's Attorney: JAMES E MITCHELL

MOTION TO ALLOW EXTENDED REPLY MEMORANDUM

02/11/2009 TRIAL - BENCH SCHEDULED FOR 03/24/2009 @ 1:00  in Room No.  1

02/11/2009 TRIAL - BENCH NOTICE SENT ON 02/11/2009

02/11/2009 TRIAL - BENCH SCHEDULED FOR 03/25/2009 @ 8:00  in Room No.  1

02/11/2009 Party(s):  DEBRA A TISDALE
           MOTION - OTHER MOTION GRANTED ON 02/11/2009
           NANCY  MILLS , JUSTICE
           COPY TO ATTYS STEVENS AND MITCHELL

02/11/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - REPLY MEMORANDUM FILED ON 02/06/2009
           Defendant's Attorney: JAMES E MITCHELL
           DEBRA TISDALE'S REPLY TO THE OPPOSITION TO HER MOTION FOR PARTIAL SUMMARY JUDGMENT

02/17/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - REPLY MEMORANDUM FILED ON 02/17/2009
           Plaintiff's Attorney:  MALCOLM LYONS
           COUNTERCLAIM DEFTS' SURREPLY TO D. TISDALE'S REPLY TO THE OPPOSITION TO HER MOTION FOR
           PARTIAL S.J.

02/24/2009 Party(s):  DEBRA A TISDALE
           MOTION - MOTION PARTIAL SUMMARY JUDG FILED ON 02/20/2009
           Plaintiff's Attorney:  JAMES E MITCHELL
           DEFTS' MOTION FOR PARTIAL S.J. ON PLTFS' CLAIMS, MEMORANDUM, STATEMENT OF MATERIAL FACTS
           NOT IN DISPUTE, STIPULATION OF FACTS, NOTICE OF HEARING, PROPOSED ORDER.

02/26/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - NOTICE WITHDRAWAL OF COUNSEL FILED ON 02/25/2009
           Plaintiff's Attorney:  WILLIAM P SAXE

03/17/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           PLTFS' OPPOSITION TO DEFTS' MOTION FOR PARTIAL S.J. ON PLTFS' CLAIMS, OPPOSING STATEMENT
           OF MATERIAL FACTS, AFFIDAVIT OF MAVOURNEEN TORNESELLO, PROPOSED ORDER ON DEFTS' MOTION FOR
           PARTIAL S.J.

03/17/2009 OTHER FILING - TRANSCRIPT FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           DEPOSITION OF MAVOURNEEN M. TORNESELLO, 08/15/08

03/17/2009 OTHER FILING - TRANSCRIPT FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           DEPOSITION OF MICHAEL P. TORNESELLO, 08/15/08

03/17/2009 OTHER FILING - TRANSCRIPT FILED ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           DEPOSITION OF DEBRA A. TISDALE, 07/24/08

03/17/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 03/13/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           PLTFS' REQUEST FOR SUMMARY JUDGMENT AGAINST THE MOVING PARTY PURSUANT TO RULE 56(C)


03/20/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/20/2009
           Defendant's Attorney: JAMES E MITCHELL
           DEFT'S REPLY TO PLTFS' OPPOSITION TO DEFT'S MOTION FOR PARTIAL S.J. ON PLTFS' CLAIMS


03/20/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 03/20/2009
           Defendant's Attorney: EMILY M MITCHELL


03/23/2009 TRIAL - BENCH NOT HELD ON 03/23/2009
           TRIAL TO BEGIN ON 3/25/09


03/23/2009 NOTE - OTHER CASE NOTE ENTERED ON 03/23/2009
           INFORMED SECRETARIES OF BOTH ATTORNEYS THAT TRIAL WILL BEGIN AT 8:00 A.M. ON 03/25/09.


04/08/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
           OTHER FILING - OTHER DOCUMENT FILED ON 04/01/2009
           Plaintiff's Attorney:  DANIEL STEVENS
           PLTFS' RESPONSE TO LEGAL AUTHORITY PROVIDED BY DEFTS TO THE COURT.


04/10/2009 Party(s):  DEBRA A TISDALE
           OTHER FILING - REPLY MEMORANDUM FILED ON 04/07/2009
           Defendant's Attorney: JAMES E MITCHELL
           DEBRA TISDALE'S REPLY TO PLTFS' LEGAL AUTHORITY


04/30/2009 TRIAL - TRAILING LIST HELD ON 03/25/2009


07/06/2009 TRIAL - BENCH HELD ON 03/25/2009
           NANCY  MILLS , JUSTICE
           Defendant's Attorney: JAMES E MITCHELL
           Plaintiff's Attorney:  DANIEL STEVENS          Reporter: JANETTE COOK
           OPENING STATEMENTS.  PLTF'S WITNESSES: MAVOURNEEN TORNESELLO, DEBRA TISDALE, MICHAEL
           TORNESELLO.  DEFT'S WITNESSES: DEBRA TISDALE. SEE EXHIBIT LIST.


07/06/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 07/06/2009
           NANCY  MILLS , JUSTICE

           ORDER - COURT JUDGMENT ENTERED ON 07/06/2009
           NANCY  MILLS , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL
           Judgment entered for DEBRA A TISDALE and against MAVOURNEEN M TORNESELLO, MICHAEL P TORNESELLO
           in the amount of $101886.43. JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT DEBRA TISDALE,
           INDIVIDUALLY,  AND AGAINST THE PLAINTIFFS, MAVOURNEEN TORNESELLO AND MICHAEL TORNESELLO ON THE
           DEFENDANT'S COUNTERCLAIM IN THE AMOUNT OF $101,886.43 AS OF NOVEMBER 10, 2008, WITH PER DIEM
           INTEREST AFTER NOVEMBER 10, 2008 AT THE RATE OF $10.96, PLUS ATTORNEYS' FEES AND COSTS.
           Judgment entered for MAVOURNEEN M TORNESELLO, MICHAEL P TORNESELLO and against DEBRA A TISDALE,
           ROBERT A TISDALE EST OF. JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFFS, MAVOURNEEN TORNESELLO

AND MICHAEL TORNESELLO AND AGAINST THE DEFENDANTS, DEBRA TISDALE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. TISDALE, JR. ON THE PLAINTIFFS' COMPLAINT IN AMOUNT TO BE DETERMINED AT HEARING, PLUS INTEREST AND COSTS.

07/06/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          MOTION - MOTION SUMMARY JUDGMENT MOOT ON 07/06/2009
          NANCY  MILLS , JUSTICE

07/06/2009 Party(s):  DEBRA A TISDALE
          MOTION - MOTION PARTIAL SUMMARY JUDG MOOT ON 07/06/2009
          NANCY  MILLS , JUSTICE

07/06/2009 Party(s):  DEBRA A TISDALE
          MOTION - MOTION PARTIAL SUMMARY JUDG MOOT ON 07/06/2009
          NANCY  MILLS , JUSTICE

07/07/2009 NOTE - OTHER CASE NOTE ENTERED ON 07/07/2009
          NOTICE OF REMOVAL OF EXHIBITS SENT TO ATTYS STEVENS AND MITCHELL

07/21/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF
          MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 07/16/2009
          Defendant's Attorney: JAMES E MITCHELL
          MOTION TO ALTER AND AMEND JUDGMENT

07/21/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF,BORDER TRUST COMPANY
          MOTION - OTHER MOTION FILED ON 07/16/2009
          Defendant's Attorney: JAMES E MITCHELL
          MOTION TO AMEND FINDINGS

07/30/2009 Party(s):  DEBRA A TISDALE
          OTHER FILING - TRANSCRIPT ORDER FORM FILED ON 07/24/2009
          Defendant's Attorney: JAMES E MITCHELL

07/30/2009 Party(s):  DEBRA A TISDALE
          OTHER FILING - TRANSCRIPT ORDER FORM SENT TO REPORTER/ER ON 07/28/2009
          GIVEN TO J. COOK IN HAND

07/30/2009 Party(s):  MAVOURNEEN M TORNESELLO
          LETTER - FROM PARTY FILED ON 07/28/2009
          Plaintiff's Attorney:  DANIEL STEVENS
          RE: EXHIBITS

08/13/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/06/2009
          Plaintiff's Attorney:  DANIEL STEVENS
          PLTFS' OPPOSITION TO DEFT'S MOTION TO ALTER AND AMEND JUDGMENT AND MOTION TO AMEND
          FINDINGS

08/18/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          OTHER FILING - REPLY MEMORANDUM FILED ON 08/12/2009
          Plaintiff's Attorney:  JAMES E MITCHELL
          REPLY TO OPPOSTION TO MOTION TO ALTER AND AMEND

08/18/2009 OTHER FILING - TRANSCRIPT FILED ON 08/18/2009
          Reporter: JANETTE COOK
          TRIAL PROCEEDINGS, 3/25/09

08/19/2009 Party(s):  DEBRA A TISDALE
          LETTER - FROM PARTY FILED ON 08/19/2009
          Defendant's Attorney: JAMES E MITCHELL
          RE: TRANSCRIPT PAGES, WITH ATTACHMENTS (TRANSCRIPT PAGES RELATING TO ESTOPPEL, TRANSCRIPT
          PAGES RELATING TO INSTALLMENT).

08/19/2009 OTHER FILING - TRANSCRIPT FILED ON 08/19/2009
          Defendant's Attorney: JAMES E MITCHELL
          COPY OF TRANSCRIPT OF TRIAL PROCEEDINGS, 3/25/09

08/21/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          LETTER - FROM PARTY FILED ON 08/21/2009
          Plaintiff's Attorney:  DANIEL STEVENS
          RESPONDING TO ATTY MITCHELL'S LETTER FILED 8/19.

08/21/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
          LETTER - FROM PARTY FILED ON 08/21/2009
          Plaintiff's Attorney:  DANIEL STEVENS
          REQUESTING A HEARING OR THAT THE COURT ORDER THE PARTIES TO PROVIDE WRITTEN SUBMISSION OF
          THEIR COMPUTATIONS RE: 3/27/87 NOTE.

09/18/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF
          MOTION - MOTION ALTER/AMEND ORDER/JUDG DENIED ON 09/16/2009
          NANCY  MILLS , JUSTICE
          COPIES TO PARTIES/COUNSEL

09/18/2009 Party(s):  DEBRA A TISDALE,ROBERT A TISDALE EST OF,BORDER TRUST COMPANY
          MOTION - OTHER MOTION DENIED ON 09/16/2009
          NANCY  MILLS , JUSTICE
          MOTION TO AMEND FINDINGS

09/18/2009 ORDER - COURT ORDER ENTERED ON 09/16/2009
          NANCY  MILLS , JUSTICE
          THE MOTION TO ALTER OR AMEND JUDGMENT IS DENIED.  THE MOTION TO AMEND FINDINGS IS DENIED.

10/01/2009 HEARING - HEARING ON DAMAGES SCHEDULED FOR 10/06/2009 @ 2:00  in Room No.  1

10/01/2009 HEARING - HEARING ON DAMAGES NOTICE SENT ON 10/01/2009

10/06/2009 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 10/05/2009

10/06/2009 HEARING - HEARING ON DAMAGES HELD ON 10/06/2009
          NANCY  MILLS , JUSTICE
          Defendant's Attorney: EMILY M MITCHELL
          Plaintiff's Attorney:  DANIEL STEVENS          Reporter: TAMMY DROUIN
          BRIEFS TO BE SUBMITTED BY 10/16/09.

10/07/2009 Party(s):  DEBRA A TISDALE

OTHER FILING - AFFIDAVIT FILED ON 10/06/2009
Defendant's Attorney: JAMES E MITCHELL
AFFIDAVIT OF JAMES E. MITCHELL, W/ ATTACHMENT

10/16/2009 Party(s):  MAVOURNEEN M TORNESELLO,MICHAEL P TORNESELLO
OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/16/2009
Plaintiff's Attorney:  DANIEL STEVENS
PLTFS' OPPOSITION TO DEFTS' REQUST FOR DIRECT PAYMENT OF ATTORNEY FEES TO ATTORNEY

10/16/2009 Party(s):  DEBRA A TISDALE
OTHER FILING - REPLY MEMORANDUM FILED ON 10/16/2009
Defendant's Attorney: JAMES E MITCHELL
DEFTS' MEMORANDUM IN SUPPORT OF DIRECT PAYMENT OF ATTORNEYS' FEES TO ATTORNEY

11/20/2009 Party(s):  MAVOURNEEN M TORNESELLO,DEBRA A TISDALE,MICHAEL P TORNESELLO,BANGOR SAVINGS
                BANK,NORTHEAST BANK,GARDINER SAVINGS INSTITUTION,TD BANKNORTH,BANK OF
                AMERICA,KENNEBEC SAVINGS BANK,BORDER TRUST COMPANY
OTHER FILING - TRANSCRIPT ORDER FORM FILED ON 11/20/2009
REQUEST FROM J. MILLS FOR TRANSCRIPT OF DAMAGES HEARING ON 10/6/09.

11/20/2009 Party(s):  MAVOURNEEN M TORNESELLO,DEBRA A TISDALE,MICHAEL P TORNESELLO,BANGOR SAVINGS
                BANK,NORTHEAST BANK,GARDINER SAVINGS INSTITUTION,TD BANKNORTH,BANK OF
                AMERICA,KENNEBEC SAVINGS BANK,BORDER TRUST COMPANY
OTHER FILING - TRANSCRIPT ORDER FORM SENT TO REPORTER/ER ON 11/20/2009
EMAIL REQUEST SENT TO TAMMY DROUIN

12/01/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 12/01/2009
NANCY  MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
MITCHELL AND

ORDER - COURT JUDGMENT ENTERED ON 12/01/2009
NANCY  MILLS , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
MITCHELL AND STEVENS
Judgment entered for DEBRA A TISDALE, ROBERT A TISDALE EST OF and against MAVOURNEEN M
TORNESELLO, MICHAEL P TORNESELLO, Attorney fee of $23000.00.

12/01/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 12/01/2009

12/01/2009 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 12/01/2009

A TRUE COPY
ATTEST: _____

                    Clerk